■ In the Matter of DIANE DELINKO, Respondent. SUNSHINE TEMPORARY OFFICE PERSONNEL, INC., et al., Appellants. — Order, Supreme Court, New York County (Tyler, J.), entered July 17, 1981, which, *inter alia*, directed dissolution of Sunshine Temporary Office Personnel, Inc., and Holdee Associates, Inc., unanimously reversed, on the law, with costs and disbursements, and the matter remanded for completion of the proceeding to determine the fair value of petitioner's shares pursuant to subdivision (b) of section 1118 of the Business Corporation Law. In this proceeding for judicial dissolution of two close corporations brought pursuant to sections 1104 and 1104-a of the Business Corporation Law, respondent-appellant filed a notice pursuant to section 1118 of the Business Corporation Law electing to purchase the petitioner's shares at their fair value. Special Term stayed the hearing in the dissolution proceeding pending further order of the court in accordance with subdivision (b) of section 1118, which provides in pertinent part that the court, "upon the application of such prospective purchaser * * * shall stay the proceedings brought pursuant to section 1104-a * * * and determine the fair value of the petitioner's shares". While the valuation aspect of this proceeding was pending, respondent Allison moved for an order pursuant to section 1202 of the Business Corporation Law to remove the temporary receiver previously appointed, and to require petitioner to deposit her stock in the two corporations into court pursuant to CPLR 2601 so that respondent could thereby effectively control the corporations. The temporary receiver supported respondent's request for such relief as being necessary for the preserving of corporate assets. Special Term granted this motion with a direction that Allison post security in the sum of $85,000 to secure petitioner for the value of her shares. Respondent Allison failed to post the undertaking and petitioner, arguing that such failure evidenced bad faith on respondent's part, moved for dissolution of the corporations. Special Term granted the motion. A stay of dissolution was granted by this court pending appeal on condition respondent-appellant Allison post an undertaking in the sum of $85,000, which was done. The unsuccessful effort by respondent to obtain effective control of the two close corporations in that she failed to post the security required for her to gain such control under Special

Term's prior order may not serve as a predicate for frustrating her right, under section 1118 of the Business Corporation Law, to purchase petitioner's shares nor may it serve, of itself, as a basis for vacating the statutory stay in the absence of finality of the valuation proceeding under that statute. We need not and do not rule on the propriety of the relief afforded respondent under CPLR 2601 other than to note that the respondent's failure to post the security required by the order issued pursuant to CPLR 2601 resulted in that order not being in effect. Petitioner's stock remained in her possession and control. Respondent's failure to post the undertaking is, under the circumstances herein, not a basis for dissolution under the Business Corporation Law. The matter is remanded for valuation purposes, including the issue of court approval of the appraiser's section 1118 report. Concur — Murphy, P. J., Sandler, Lupiano and Bloom, JJ.

Kupferman, J., concurs in a separate memorandum as follows: It should be pointed out that in a companion matter, *Allison v Delinko* (85 AD2d 564), the respondent-appellant here was held in contempt with respect to a court order as to conversion of corporate opportunity under section 720 of the Business Corporation Law.