■ Holly Allison, Appellant, v Diane Delinko et al., Respondents. — Order, Supreme Court, New York County (Tyler, J.), entered February 18, 1981, adjudging plaintiff Allison and one Wendy Chase in contempt, is unanimously modified, on the law and the facts, to the extent that the adjudication of Wendy Chase in contempt is reversed, and the last decretal paragraph of the order is stricken, and all other provisions holding Wendy Chase in contempt are stricken, and the order is otherwise affirmed, without costs. The employee Wendy Chase is not a party to the action. The only relevant order in which she is mentioned is Justice Stecher's order of June 12, 1979, which remained in effect only until the then-pending motion was determined by Justice Riccobono's order entered July 31, 1979. The only surviving order, Justice Riccobono's order, makes no reference whatever to Wendy Chase and she was thus not fairly warned that the order bound her in any way. The acts constituting the contempt charged to Wendy Chase apparently took place in October, 1979. As to plaintiff Holly Allison, the situation is somewhat different. Justice Riccobono's order is clearly addressed to her, i.e., "plaintiff is directed", etc. There are various irregularities with respect to that order, e.g., although it is, in effect, a temporary injunction, no bond is provided for, and the injunctive provision was made on a motion which apparently did

not ask for a preliminary injunction. However, the order was not directly attacked, and, until reversed or vacated, it bound the plaintiff. Concur — Kupferman, J. P., Birns, Ross, Silverman and Fein, JJ.